OPINION OF THE COURT
John D. Bennett, J.
On this application for letters of temporary administration on the estate of an absentee, the petitioner is a "designee” of the absentee’s mother who renounced her right to letters as the sole distributee.
The petition alleges that the absentee was "last” seen on June 21, 1975 but also alleges that she was alive until at least *621 March 23, 1977. There are also alleged facts which raise a suspicion that she may have met with foul play. Her personal property then was allegedly worth over $50,000 and her real estate also over $50,000.
The absentee’s husband (now deceased) is said to have displayed to witnesses on June 23, 1975 a paper bag containing United States currency, the absentee’s diamond wedding band, two other diamond rings and two joint savings account passbooks in the names of absentee and said husband. Police and missing persons investigations have apparently proved fruitless to date but they are continuing as an "open case.”
The petition also alleges that the absentee survived her husband although he died in the State of Maine on July 9, 1977 after having been "remarried” to one Ella Mason (Howard) in Maine on or about March 23, 1977. It is further alleged that such "marriage” was bigamous and void ab initio.
Under the circumstances there is asserted an immediate need to have a temporary administrator (1) to collect rents and preserve the real property; (2) to intervene in estate proceedings in Maine to assert the marital status and survival rights of the absentee; and (3) presumably to continue the search and establish a date of death subsequent to the husband’s remarriage.
Under these emergency circumstances the appointment may be made after issuance of the citation but before the hearing (see SCPA 902, subd 6; Powers, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA 902, 1977-1978 Pocket Part, p 97). For some unexplained reason (probably to anticipate delay prior to the hearing and ensure early consideration by the court) the statute (SCPA 902, subd 6) states that "[i]n no event shall such appointment be for a longer period than six months from the date of issuance of the citation” (emphasis added).
Although the court is not aware of any prior ruling or decision explaining why this "forthwith” appointment of the fiduciary is limited to six months’ duration, in the opinion of the court it is only to cover the emergency situation contemplated in subdivision 6 before the hearing is held. This is manifested by the Legislature’s references in the last sentence of that subdivision to the "date of the decree ñnally appointing” the "finding required by subdivision 3,” and "the entire administration of the estate.” (Emphasis added.) In the court’s view therefore the limitation of six months does not prohibit *622 the court from entertaining an application later to extend the preliminary appointment later if necessary, so long as a good reason appears therefor.
The provisional and preliminary appointment will therefore be made immediately and the hearing date is now set for April 19, 1978 at 10:00 a.m. If that date is inconvenient or too soon for counsel to gather the evidence and testimony, a later date will be fixed. If shown to be necessary, the letters will be renewed on notice to the guardian ad litem and any others who are necessary parties at that time.
The form of order submitted will have to be changed accordingly and resettled on five days’ notice with three additional days if service is made by mail.